IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dakota F. Brown,<br><br>        Defendant,<br>v.<br><br>United States of America. | Criminal No. 3:21-cr-866-SAL<br>Civil No. 3:25-cv-11188-SAL<br><br>**OPINION AND ORDER** |

  This matter is before the court on Defendant Dakota Brown's motion to vacate under 28 U.S.C. § 2255. [ECF No. 63.] The Government opposes the motion and moves to dismiss. [ECF No. 66.] Brown opposes the Government's motion and has filed his own motion to dismiss. [ECF Nos. 72, 73.] For the reasons below, the court **GRANTS** the Government's motion and **DENIES** Brown's motions as they are untimely and without merit.

### BACKGROUND

  In December 2021, Brown was charged as the sole defendant in a three-count indictment alleging possession of a firearm with a prior felony conviction (Count One), possession with intent to distribute heroin, fentanyl, methamphetamine, and amphetamine (Count Two), and possession of a firearm in furtherance of a drug trafficking crime (Count Three). [ECF No. 1.] In November 2022, Brown, represented by counsel, pleaded guilty to Counts One and Two pursuant to a plea agreement. [ECF Nos. 46, 53, 54.] And on March 1, 2023, Brown was sentenced to a total term of 96 months' imprisonment, consisting of concurrent 96-month terms on each count, to be followed by six years of supervised release. [ECF Nos. 58, 59, 60.]

  Brown did not file an appeal.

In August 2025,[1] Brown filed the present motion to vacate his conviction and sentence under § 2255. [ECF No. 63.] In his motion, he argues his felon in possession conviction is invalid under the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), decided in June 2022. [ECF No. 63.]

The Government opposes § 2255 relief, arguing Brown's motion is time-barred and, even if timely, lacks merit. [ECF No. 66.] Brown opposes the Government's motion. [ECF No. 73.] He also separately moves to dismiss, raising similar arguments to those in his § 2255 motion. [ECF No. 72.]

## LEGAL STANDARDS

### I.     Summary Judgment

Summary judgment is appropriate where the pleadings, discovery, and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). Where resolution of a material issue of fact depends on a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

---

[1] Brown's motion was received by the court on August 18, 2025, but it is neither dated nor signed. *See* ECF No. 63. The envelope containing Brown's motion has a prison mailroom stamp, so the prison mailbox rule applies, and Brown's motion is considered filed on the date it was placed in the prison mailroom. *See Houston v. Lack*, 487 U.S. 266, 270–71, 276 (1988) (discussing the prison mailbox rule, whereby the date of filing is the date on which a prisoner places a document into the prison mail system). Unfortunately, the record does not reveal when Brown delivered his motion to prison officials, as no dates are legible on the envelope. In any event, Brown's motion was filed well out-of-time even if the court considered his motion filed weeks or even months before it was received by the court.

**II.     28 U.S.C. § 2255**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion under 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such a sentence; or that the sentence exceeded the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, however, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing a hearing is not required on a § 2255 motion if the record of the case establishes that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938). Further, a petitioner must comply with the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which amended § 2255 to provide a one-year limitations period for the filing of § 2255 motions. *Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D.S.C. 2007).

**DISCUSSION**

The court entered judgment on March 1, 2023. Because Brown did not appeal, the judgment became final fourteen days later on March 15, 2023. The one-year limitations period began running the next day. *See* 28 U.S.C. § 2255(f); *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e.,

when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."). Brown therefore had until March 15, 2024, to file a timely § 2255 motion.

Brown did not file his motion until August 2025, over a year after the statute of limitations expired. The Government argues Brown's § 2255 motion is time-barred and the court agrees. [ECF No. 66-1 at 4–6.] Brown argues his motion is timely based on a February 7, 2025 executive order titled "Protecting Firearms by Federal Law Pursuant to 18 U.S.C. § 922(g)(1)." [ECF No. 73 at 2.] According to Brown, this executive order gives relief to individuals, such as himself, convicted under 18 U.S.C. § 922(g)(1), and it makes his motion timely. *Id.*

The argument fails. The order expressly states that it does not "create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States . . . ." Exec. Order No. 14,206, 90 F.R. 9503 (Feb. 7, 2025). Nor does it invalidate 18 U.S.C. § 922(g) convictions. *Id.* Further, this executive order does not trigger a later statute of limitations period under § 2255, which establishes the one-year limitations period for a § 2255 motion that runs from the latest of the following dates:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2255(f). The only applicable subsection to Brown's case is (f)(1), which states the one-year statute of limitations period runs from the date the judgment of conviction becomes final, which was March 15, 2023. That one-year period expired on March 15, 2024, and Brown did not file his § 2255 motion until August 2025. As a result, his motion is untimely.[2]

Based on the record before the court, Brown's § 2255 motion is untimely, and the Government is entitled to summary judgment.

## CONCLUSION

Because Brown's § 2255 motion is time-barred, the Government is entitled to summary judgment. This conclusion is evident as a matter of law from the motion and the files and records of the case. Accordingly, the court will grant summary judgment without holding a hearing. 28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case establishes that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

For the reasons above, Brown's motion to vacate under 28 U.S.C. § 2255, ECF No. 63, and his motion to dismiss, ECF No. 72, are **DENIED**. The Government's motion to dismiss, ECF No. 66, is **GRANTED**. It is further ordered that a certificate of appealability is denied as Brown has

---

[2] The United States Supreme Court has held that the federal one-year statute of limitations can be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) ("As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations."). In the Fourth Circuit, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *Bogan v. S. Carolina*, 204 F. App'x 160, 160 (4th Cir. 2006) (per curiam) ("Recourse to equitable tolling must be guarded and infrequent."). As a result, circumstances rarely warrant equitable tolling, and a petitioner bears the burden of proving his entitlement to the doctrine. *Harris*, 209 F.3d at 330. To carry his burden, a petitioner must show "(1) extraordinary circumstances, (2) beyond his control, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Brown has not met this burden.

5

failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

February 23, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Brown has not made the requisite showing.